UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Katharine S. Hayden |
| v. | : | Crim. No. 18-47 |
| DAVID ALVEY | : | 18 U.S.C. § 1349 |

**INFORMATION**

The defendant having waived in open court prosecution by indictment, the Acting United States Attorney for the District of New Jersey charges:

**Count One
(Conspiracy to Commit Wire Fraud)**

**Background**

1. At various times relevant to this information:

   a. Ed4Mil LLC ("Ed4Mil") was a private business headquartered in Lewisberry, Pennsylvania. Ed4Mil purported to be in the business of "helping military members and their families take advantage of education benefits they have earned while serving our country." Ed4Mil's website also invited schools to "[l]et us show you how our proven methods of recruiting and enrolling students can benefit your school[.]"

   b. Caldwell University, f/k/a Caldwell College ("Caldwell"), was a private liberal arts university located in Caldwell, New Jersey.

   c. The "Correspondence School" was an online correspondence school.

      d.    Defendant David Alvey ("Alvey") was the co-owner, founder, and President of Ed4Mil.  Alvey was also the co-owner, founder, and President of JWeb Technologies, LLC ("JWeb"), which, prior to Ed4Mil's formation, conducted a similar business as Ed4Mil.  Alvey was a resident of Harrisburg, Pennsylvania

      e.    Helen Sechrist ("Sechrist"), a conspirator not named as a defendant in this information, was employed with Ed4Mil from in or about 2006 through in or about August 2013.  Sechrist was a resident of Fawn Grove, Pennsylvania.

      f.    Lisa DiBisceglie ("DiBisceglie"), a conspirator not named as a defendant in this information, worked at Caldwell.  Between in or about March 2010 through in or about April 2013, she served as the Associate Dean of External Partnerships in the Office of External Partnerships.  Subsequently, between in or about April 2013 through in or about August 2013, DiBisceglie worked at Ed4Mil.  DiBisceglie was a resident of New Jersey.

      g.    The United States Department of Veterans Affairs (the "VA") is a department of the United States government with a mission to care for, honor, and serve United States military veterans.  In that capacity, the VA administers several programs designed to benefit and serve military veterans, including administering a government program offering education benefits to veterans governed by the Post-9/11 Educational Assistance Act, 38 U.S.C. §§ 3301, *et seq.* (the "Post-9/11 GI Bill").

      h.    The Post-9/11 GI Bill was an education assistance program designed to help veterans who served in the United States Armed Forces after September 11, 2001 obtain an education and job training. In order to offer courses that were eligible for benefits under the Post-9/11 GI Bill, Caldwell was first required to obtain government approval for the courses by, among other things, submitting an application that described the nature of and policies governing the courses. The application had to be certified as true and correct in content and policy by an authorized official of Caldwell. Once approved, benefits were paid by the government directly to Caldwell based on certifications submitted to the United States by Caldwell.

### Overview of the Conspiracy

      2.    From at least as early as in or about 2009 through in or about August 2013, defendant Alvey and others participated in a conspiracy to defraud the United States -- and more specifically, the Post-9/11 GI Bill administered by the VA -- out of millions of dollars in education benefits. The conspirators obtained approval from the VA to offer online courses on the basis of fraudulent representations that included, among others, that the courses were developed, taught, and administered by Caldwell faculty and staff. Conspirators then marketed the purported Caldwell courses to veterans eligible for education benefits under the Post-9/11 GI Bill, and enrolled thousands of veterans in the courses. In fact, the courses were online correspondence courses developed and administered by the Correspondence School, which was not approved to receive education benefits under the Post-9/11 GI Bill.

Throughout the conspiracy, the conspirators concealed the true nature of the courses, and obtained over $24 million in education benefits under the Post-9/11 GI Bill on the basis of materially false and fraudulent pretenses, representations, and promises.

## The Wire Fraud Conspiracy

3. From at least as early as in or about 2009 through in or about August 2013, in Essex County, in the District of New Jersey and elsewhere, defendant

## DAVID ALVEY

did knowingly and intentionally conspire with DiBisceglie, Sechrist, and others to devise a scheme and artifice to defraud the United States, and to obtain money and property, namely education benefits under the Post-9/11 GI Bill, by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice, transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce certain writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Section 1343.

## Object of the Conspiracy

4. The object of the conspiracy was for defendant Alvey and others to cause the United States to approve and pay out education benefits under the Post-9/11 GI Bill for online courses purportedly developed, taught, and administered by Caldwell, and to induce veterans eligible for such benefits to

4

enroll in such online courses, on the basis of fraudulent pretenses, representations, and promises.

### Manner and Means of the Conspiracy

5.　It was part of the conspiracy that in or about 2009, defendant Alvey contacted conspirator DiBisceglie at Caldwell with a proposal for JWeb, and subsequently, Ed4Mil, to administer a program of non-credit online courses in Caldwell's name to be offered to military veterans (the "Online Courses").

6.　It was further part of the conspiracy that conspirator DiBisceglie facilitated approval by Caldwell's administration and faculty of memoranda of understanding with JWeb and Ed4Mil, respectively, to develop and administer the Online Courses. Caldwell agreed in the memoranda of understanding to pay to JWeb and Ed4Mil between 85% and 90% of the money received in education benefits on account of enrollments in the Online Courses.

7.　It was further part of the conspiracy that defendant Alvey falsely represented in the memoranda of understanding that JWeb and Ed4Mil had "any and all certifications and/or approvals required from the [United States] to perform the tasks to be performed by [JWeb/Ed4Mil] under" the memoranda. In fact, neither JWeb nor Ed4Mil had ever obtained any approval from the United States to offer courses eligible for military benefits.

8.　It was further part of the conspiracy that defendant Alvey, conspirator DiBisceglie, and others prepared and submitted to the United States an application (the "Application") to obtain eligibility for the Online

5

Courses for education benefits under the Post-9/11 GI Bill. The Application stated falsely, among other things, that the "majority of the faculty teaching [the Online Courses] also teach on campus [at Caldwell] and have been participating in various training over the years[,]" and that "[s]tudents enrolled in the [Online Courses] are guided by the same standards of academic progress as students in on campus programs." These false statements were designed to induce the United States to approve the Online Courses for education benefits under the Post-9/1 GI Bill.

9. It was further part of the conspiracy that conspirator DiBisceglie, conspirator Sechrist and others submitted and caused to be submitted to the United States individual course approval forms (the "Approval Forms") that failed to disclose the contractual relationship with JWeb and Ed4Mil.

10. It was further part of the conspiracy that the Application and the Approval Forms were submitted to the United States via, among other methods, electronic means through Caldwell's servers located in New Jersey. The United States approved the Online Courses for education benefits under the Post-9/11 GI Bill based upon the representations in the fraudulent Application and the fraudulent Approval Forms.

11. It was further part of the conspiracy that, contrary to the representations in the Application, Caldwell had no role in the development, teaching, or administration of the Online Courses. Instead, defendant Alvey, conspirator Sechrist, and others arranged for the veterans to be enrolled in

online courses administered by the Correspondence School, an online correspondence program that was not approved for Post-9/11 GI Bill benefits.

12.  It was further part of the conspiracy that Caldwell charged for the Online Courses between five and thirty times the tuition the Correspondence School charged for the actual online course received by the veterans. Indeed, while most courses at the Correspondence School cost between approximately $600 and $1,000 per course in tuition, Caldwell charged between $4,500 and $26,000 per course in tuition.

13.  It was further part of the conspiracy that defendant Alvey, conspirator Sechrist, and others, marketed the Online Courses to veterans as online courses taught and administered by Caldwell, when, in fact, they had arranged for the Online Courses to be taught and administered by the Correspondence School. To conceal this "bait and switch" tactic, defendant Alvey, conspirator Sechrist, conspirator DiBisceglie, and others simultaneously enrolled and caused to be enrolled the veterans in both the Correspondence School and Caldwell even though the veterans only ever received educational content from the Correspondence School.

14.  It was further part of the conspiracy that defendant Alvey, conspirator Sechrist, conspirator DiBisceglie, and others, worked together to conceal the true nature of the Online Courses from both the United States and veterans who enrolled in the Online Courses by, among other things:
(a) misrepresenting to the United States in the Application Caldwell's role in teaching and administering the Online Courses; (b) misrepresenting to veterans

to whom the Online Courses were marketed Caldwell's role in teaching and administering the Online Courses; (c) failing to disclose to the United States and the veterans the contract relationship between Caldwell and JWeb and Ed4Mil; (d) demanding that the Correspondence School remove their logos and other identifiable insignia from all course content.

15. It was further part of the conspiracy that conspirator Sechrist and others certified and caused to be certified enrollments in and completions of the fraudulent Online Courses by submitting electronic certifications to the United States through Caldwell computer servers located in New Jersey.

16. Over the course of the conspiracy, thousands of veterans were enrolled in and the United States paid over $24 million in tuition benefits from the Post-9/11 GI Bill to Caldwell in connection with the fraudulent Online Courses.

In violation of Title 18, United States Code, Section 1349.

## **FORFEITURE ALLEGATION**

1. As a result of committing the wire fraud conspiracy charged in Count One of this Information, defendant David Alvey shall forfeit to the United States, pursuant to Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds traceable to the violation of Title 18, United States Code, Section 1349 alleged in Count One of this Information.

2. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendant David Alvey up to the value of the forfeitable property described in paragraph 1.

*/s/ Craig Carpenito*
CRAIG CARPENITO
United States Attorney

9

CASE NUMBER: 17-

# United States District Court
# District of New Jersey

# UNITED STATES OF AMERICA

v.

# DAVID ALVEY

# INFORMATION FOR

18 U.S.C. § 1349

**CRAIG CARPENITO**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

**DAVID M. ESKEW**
*ASSISTANT U.S. ATTORNEY*
*(973) 645-2785*

USA-48AD 8
(Ed. 1/97)