

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*David M. Eskew*
*Assistant United States Attorney*

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973) 645-2785
Facsimile: (973) 297-2045

DME PL AGRMT
USAO2012R01081

November 6, 2017

Stacy Ann Biancamano, Esq.
Biancamano Law LLC
Cranford Executive Plaza
312 North Avenue East, Suite #7
Cranford, New Jersey 07016

      Re:    <u>Plea Agreement with DAVID ALVEY</u>

Dear Ms. Biancamano:

    This letter sets forth the plea agreement between your client, DAVID ALVEY, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on November 17, 2017.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from DAVID ALVEY, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to a one-count Information charging him with conspiring to commit wire fraud, contrary to Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1349.

    If DAVID ALVEY enters a guilty plea and is sentenced on this charge to a term of 60 months' imprisonment and 3 years of supervised release, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against DAVID ALVEY for, from in or about 2009 through in or about August 2013, conspiring to obtain funds pursuant to military education programs, including the Post-9/11 Educational Assistance Act, 38 U.S.C. §§ 3301, *et seq.*, on the basis of false and fraudulent pretenses, representations, and promises. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction

entered as a result of this guilty plea does not remain in full force and effect, DAVID ALVEY agrees that any charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by DAVID ALVEY may be commenced against him, notwithstanding the expiration of the limitations period after DAVID ALVEY signs the agreement.

In the event that the court defers a decision to accept the plea or plea agreement until the court has reviewed the presentence report, neither party will move to withdraw from this agreement unless or until the court ultimately determines to reject the proposed plea or plea agreement. Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea. This Office will advise the Court and the Probation Department of information related to sentencing, and such information may be used by the Court in determining DAVID ALVEY's sentence.

<u>Sentencing</u>

The violation of 18 U.S.C. § 1349 to which DAVID ALVEY agrees to plead guilty carries a statutory maximum term of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon DAVID ALVEY is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence DAVID ALVEY ultimately will receive.

Further, in addition to imposing any other penalty on DAVID ALVEY, the sentencing judge: (1) pursuant to 18 U.S.C. § 3013, will order DAVID ALVEY to pay an assessment of $100, which assessment must be paid by the date of sentencing; (2) pursuant to 18 U.S.C. § 3663 <u>et seq.</u>, must order DAVID ALVEY to pay restitution; (3) pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461, must order forfeiture; and (4) pursuant to 21 U.S.C. § 3583, may require DAVID ALVEY to serve a term of supervised release of not more than three years, which term of supervised release will begin at the expiration of any term

of imprisonment imposed. Should DAVID ALVEY be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, DAVID ALVEY may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and DAVID ALVEY agree that a sentence of 60 months' imprisonment and 3 years of supervised release is the appropriate disposition of this case. Accordingly, if the Court accepts this plea agreement, DAVID ALVEY will be sentenced to a term of 60 months' imprisonment and 3 years of supervised release.

In addition, DAVID ALVEY agrees to pay restitution of $24,024,465.65 for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on DAVID ALVEY by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of DAVID ALVEY's activities and relevant conduct with respect to this case.

## Stipulations

This Office and DAVID ALVEY agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in

the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or DAVID ALVEY from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and DAVID ALVEY waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As evidence of his acceptance of responsibility, and to reach a global resolution of the criminal charges set forth in *United States v. David Alvey*, and the parallel civil forfeiture case, *United States v. a total of $702,073.93 in United States currency*, Civ. No. 14-510 (KSH), DAVID ALVEY consents to the entry of a Stipulation and Consent Judgment Order in *United States v. a total of $702,073.93 in United States currency*, Civ. No. 14-510 (KSH), to be entered on or before the date of his guilty plea.

DAVID ALVEY agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, DAVID ALVEY consents to the entry of a forfeiture money judgment in the amount of $22,879,480.20 (the "Forfeiture Money Judgment"), representing proceeds obtained by DAVID ALVEY, but which cannot be located because of the acts or omissions of DAVID ALVEY.

DAVID ALVEY also agrees, as part of his acceptance of responsibility, to the forfeiture of all property, real or personal, that constitutes or is derived from proceeds traceable to a violation of conspiracy to commit wire fraud contrary 18 U.S.C. § 1343, in violation of 18 U.S.C. § 371, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 1956(c)(7) (the "Forfeitable Property"), which Forfeitable Property includes, but is not limited to, the following property:

> (1) $502,433.24 in United States Currency previously contained in M&T Bank Account Number 985196247 in the name of ED4MIL, LLC;

4

 (2) $199,640.69 in United States Currency previously contained in M&T Bank Account Number 15004224728583 in the name of ED4MIL, LLC;

 (3) 150,000 shares of HPEV, Inc., a/k/a Cool Technologies, Inc., Common Stock;

 (4) Bill Mack artwork.

 DAVID ALVEY shall execute the Stipulation and Consent Default Judgment in Civil Action 14-510 to effect the forfeiture of items 1 and 2 of the forfeitable property listed above. The net proceeds from the sale of the Forfeitable Property will be applied to the Forfeiture Money Judgment, in partial satisfaction thereof.

 DAVID ALVEY further agrees to forfeit his interest in any other property, including substitute assets, in full or partial satisfaction of the Forfeiture Money Judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full. DAVID ALVEY further agrees to fully cooperate with the Office in establishing a payment plan, surrendering assets, or in any other action taken by the Office to satisfy the Forfeiture Money Judgment, including cooperating in obtaining forfeiture of property that is traceable to the crime that is held in the name of any other person.

 This Office will recommend to the Attorney General that any forfeited money and the net proceeds derived from the sale of forfeited property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 981(e), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

 DAVID ALVEY represents that, to the best of his ability, he has disclosed all of his assets to the United States on the attached Financial Disclosure Statement. DAVID ALVEY agrees that if the government determines that he has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, DAVID ALVEY consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, DAVID ALVEY knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. DAVID ALVEY further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

5

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of a preliminary order of forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Forfeitable Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

Pursuant to Federal Rules of Criminal Procedure 32.2(b)(4)(A), DAVID ALVEY further agrees to consent to the immediate entry of an order of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. DAVID ALVEY understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

DAVID ALVEY hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Defendant understands and agrees that if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization, if he is not already in that status. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense, knowing that this plea will likely result in his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against DAVID ALVEY. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against DAVID ALVEY.

No provision of this agreement shall preclude DAVID ALVEY from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that his guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between DAVID ALVEY and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

WILLIAM E. FITZPATRICK
Acting United States Attorney

By:   DAVID M. ESKEW
      Assistant U.S. Attorney

Approved:

THOMAS J. EICHER
Chief, Criminal Division

7

I have received this letter from my attorney, Stacy Ann Biancamano, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____		Date: 10-24-17
DAVID ALVEY					     11-17-17

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____		Date: 10/24/17
STACY ANN BIANCAMANO, ESQ.		      11/17/17

8

## Plea Agreement with DAVID ALVEY

### SCHEDULE A

1. This Office and DAVID ALVEY recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and DAVID ALVEY nevertheless agree to the stipulations set forth herein, agree to the total Guidelines offense level set forth below, and that the Court should sentence DAVID ALVEY in accordance with Paragraph 10 below. This Office and DAVID ALVEY further agree that neither party will argue for the imposition of a sentence other than that sentence specified in Paragraph 10 below.

2. The version of the United States Sentencing Guidelines effective November 1, 2016, applies in this case.

3. The applicable guideline for this offense is U.S.S.G. § 2X1.1, which provides that the base offense level for any conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is wire fraud, the applicable guideline is U.S.S.G. § 2B1.1.

4. Under U.S.S.G. § 2B1.1(a)(1), the base offense level is 7 because conviction of the offense charged carries a statutory maximum term of imprisonment of twenty years or more.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(K) applies because the loss amount is more than $9,500,000 but not more than $25,000,000. This results in an increase of 20 levels.

6. DAVID ALVEY was an organizer and leader in the relevant criminal activity, pursuant to U.S.S.G. § 3B1.1(c). This results in an increase of 4 levels.

7. As of the date of this letter, DAVID ALVEY has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if DAVID ALVEY's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8.    As of the date of this letter, DAVID ALVEY has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in DAVID ALVEY's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) DAVID ALVEY enters a plea pursuant to this agreement, (b) this Office in its discretion determines that DAVID ALVEY's acceptance of responsibility has continued through the date of sentencing and DAVID ALVEY therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) DAVID ALVEY's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.    In accordance with the above, the parties agree that the total Guidelines offense level applicable to DAVID ALVEY is 28 (the "agreed total Guidelines offense level").

10.   Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the sentence of 60 months' imprisonment and 3 years of supervised release for the charge contained in the Information is reasonable under 18 U.S.C. § 3553(a), and neither party will argue for a sentence below or above 60 months' imprisonment and 3 years of supervised release. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

11.   DAVID ALVEY knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing Court if the sentence imposed is 60 months' imprisonment and 3 years of supervised release. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing Court if the sentence imposed is 60 months' imprisonment and 3 years of supervised release. Furthermore, if the sentencing court accepts the stipulation set forth in Schedule A, both parties waive right to file an appeal, collateral attack, writ, or motion claiming that the sentencing Court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.