2012R01021/DME/JA/ms

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 18-47 |
| v. | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| DAVID ALVEY, | : | (MONEY JUDGMENT) AND PRELIMINARY ORDER OF |
| Defendant. | : | FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE |
| | : | DEFENDANT) |

On or about February 1, 2018, pursuant to a plea agreement with the United States, defendant David Alvey pleaded guilty to a one-count Information, which charged him with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349. As part of the plea agreement, the defendant agreed to forfeit all property he obtained that constitutes or is derived from proceeds traceable to the offense charged in the Information, which the defendant agreed was $22,879,480.20 (the "Money Judgment"). In the plea agreement, the defendant further agreed to forfeit all of his right, title, and interest in the following property, which the defendant admits has the requisite nexus to the offense to which he has pled guilty:

(a) $502,433.24 in United States currency previously contained in M&T Bank Account Number 985196247 in the name of ED4Mil, LLC;

  (b) $199,640.69 in United States currency previously contained in M&T Bank Account Number 15004224728583 in the name of ED4Mil, LLC;

  (c) 150,000 shares of HPEV, Inc., a/k/a Cool Technologies, Inc., Common Stock; and

  (d) Bill Mack artwork,

with any forfeited money and the net proceeds derived from the sale of finally forfeited property to be applied to the Money Judgment, in partial satisfaction thereof.

The defendant further agrees that one or more of the criteria set forth in 21 U.S.C. § 853(p) have been satisfied, entitling the United States to forfeit substitute assets.

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment.

In order to reach a global resolution of both this criminal matter and the parallel civil forfeiture case, *United States v. A Total of $702,073.93 in United States Currency*, Civ. No. 14-510 (KSH), on or before the date of his guilty plea,

David Alvey further agrees to enter into a Stipulation and Consent Default Judgment in *United States v. A Total of $702,073.93 in United States Currency*, Civ. No. 14-510 (KSH), which will effect the civil forfeiture to the United States of:

    (a)    $502,433.24 in United States currency previously contained in M&T Bank Account Number 985196247 in the name of ED4Mil, LLC; and

    (b)    $199,640.69 in United States currency previously contained in M&T Bank Account Number 15004224728583 in the name of ED4Mil, LLC,

(the "Civilly Forfeited Specific Property").

As further agreed in the plea agreement, the defendant consents to the forfeiture to the United States all of his right, title, and interest in the following property, which the defendant admits has the requisite nexus to the offense to which he has pleaded guilty:

    (a)    150,000 shares of HPEV, Inc., a/k/a Cool Technologies, Inc., Common Stock; and

    (b)    Three original artworks by artist Bill Mack, to wit:

        i.    "Iconic Cowboy," a portrait of John Wayne purchased by the defendant for $80,000;

        ii.    "Frank Sinatra Comm.," a portrait of Frank Sinatra purchased by the defendant for $69,000; and

        iii.    "Angel Unique," a portrait of Marilyn Monroe purchased by the defendant for $20,000;

(collectively, the Criminally Forfeited Specific Property").

The defendant further consents to the forfeiture of payments on the Money Judgment as property he obtained that constitutes or is derived from

proceeds traceable to the offense charged in the Information, or substitute assets for such proceeds, through either an administrative or judicial (civil or criminal) forfeiture proceeding, at the Office's election. The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983. The defendant further agrees that the forfeiture of payments on the Money Judgement and any specific property, whether proceeds or substitute assets (including but not limited to the Civilly Forfeited Property and the Civilly Forfeited Property), is intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any such payments or property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors and assigns.

The Civilly Forfeited Property, the Criminally Forfeited Property, any payments on the Money Judgment, and the net proceeds derived from the sale of any other forfeited property will be applied to the Money Judgment, in partial satisfaction thereof.

WHEREAS, good and sufficient cause has been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

*<u>Money Judgment</u>*

1.  All property, real or personal, which constitutes or is derived from proceeds traceable to the offense to which the defendant has pleaded guilty is

forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2.  The defendant agrees, and the Court finds, one or more of the criteria set forth in 21 U.S.C. § 853(p) have been satisfied, entitling the United States to forfeit substitute assets.

3.  The United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds obtained by the defendant, which was $22,879,480.20 (the "Money Judgment"). A Money Judgment in the amount of $22,879,480.20 is hereby entered against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461, 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

4.  All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

5.  All payments on the Money Judgment are forfeit to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law. The United States

shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($22,879,480.20).

6. When the Money Judgment is fully satisfied, the United States shall file a Satisfaction of the Money Judgment.

### *Criminally Forfeited Specific Property*

7. As a further result of the defendant's conviction of the conspiracy offense charged in the Information, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and the Court having considered the plea agreement and the record as a whole, finding a nexus between the following specific property and the offense of conviction, all of the defendant's right, title and interest in the following property is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

    (a) 150,000 shares of HPEV, Inc., a/k/a Cool Technologies, Inc., Common Stock; and

    (b) Three original artworks by artist Bill Mack, to wit:

        i. "Iconic Cowboy," a portrait of John Wayne purchased by the defendant for $80,000;

        ii. "Frank Sinatra Comm.," a portrait of Frank Sinatra purchased by the defendant for $69,000; and

        iii. "Angel Unique," a portrait of Marilyn Monroe purchased by the defendant for $20,000;

(collectively, the "Criminally Forfeited Specific Property").

8. Any forfeited money and the net proceeds derived from the sale of forfeited property will be applied to the Money Judgment until the Money

Judgment is satisfied in full. Any forfeiture payments made by defendant David Alvey shall also be credited to the Money Judgment. The total amount forfeited from the defendant may not exceed $22,879,480.20.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant David Alvey, shall be made part of the sentence of defendant David Alvey, and shall be included in the judgment of conviction therewith.

10. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Criminally Forfeited Specific Property and hold such property in its secure custody and control (subject to the exception(s), if any, that are expressly included in the plea agreement).

11. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i)

shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Criminally Forfeited Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Criminally Forfeited   , the time and circumstances of the petitioner's acquisition of the right, title and interest in the Criminally Forfeited Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

13.  Any person, other than the defendant, claiming interest in the Criminally Forfeited Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

14.  Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

15.  Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and any other applicable provision of federal or state law, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property to satisfy the Money Judgment or in connection with any petitions filed with regard to the Criminally Forfeited Specific Property, including depositions, interrogatories, requests for

admissions, requests for production of documents, and the issuance of subpoenas.

16. The Clerk of the Court is directed to enter a money judgment against the defendant in favor of the United States in the amount of $22,879,480.20.

17. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

AGREED AND CONSENTED TO:

CRAIG CARPENITO
United States Attorney

By: DAVID M. ESKEW
Assistant United States Attorney

Dated: January 18, 2018

STACY ANN BIANCAMANO, ESQ.
Attorney for Defendant David Alvey

Dated: February 1st, 2018

DAVID ALVEY, Defendant

Dated: 2/1, 2018

**ORDER**

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Stipulation is So Ordered.

Dated this 5th day of February, 2018.

KATHARINE S. HAYDEN
United States District Judge