**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No.: 18-47 (KSH) |
| v. | |
| DAVID ALVEY, *Defendant*. | **OPINION** |

**I.  Introduction**

This matter comes before the Court on defendant David Alvey's motions (D.E. 49, 52, 53) for reconsideration of the Court's decision denying him a reduction in sentence on compassionate release grounds due to the COVID-19 pandemic. Alvey, who is currently on home confinement, has also filed a renewed motion for compassionate release (D.E. 56) seeking to prevent the Bureau of Prisons from returning him to a prison facility at some undetermined point in the future. For the reasons set forth below, the motions will be denied.

**II.  Background**

On February 1, 2018, Alvey pleaded guilty to a one-count information charging him with conspiracy to commit wire fraud. The case involved a scheme whereby Alvey and others defrauded the federal government out of $24,000,000.00 by arranging for military veterans to take courses supposedly offered by Caldwell University (which was eligible for funds from the federal government for education benefits to veterans who served after September 11, 2001) but that, in reality, were given by a correspondence school not eligible for federal funds. On June 4, 2018, Alvey was sentenced to a 60-month term of incarceration, followed by three years of supervised release, and was ordered to pay restitution in the amount of $24,024,465.65. (D.E. 32.)

On April 30, 2020, Alvey moved for compassionate release due to the COVID-19

1

pandemic, medical conditions that he asserted placed him at increased risk, and the conditions at USP Lewisburg, where he was then confined. After the motion was fully briefed, with Alvey making submissions both *pro se* and through the Office of the Public Defender ("FPD"), the Court heard oral argument on June 11, 2020 and denied the motion because extraordinary and compelling reasons were absent. (D.E. 48 (order denying relief); D.E. 55 (transcript of argument & ruling).)

Alvey moved for reconsideration, first *pro se* and then through counsel on the basis that the number of COVID-19 cases at USP Lewisburg had increased. (D.E. 49, 52.) He also filed a "supplemental motion" to his pending reconsideration motions arguing that he should be granted compassionate release based on decisions the BOP made relating to his eligibility for the Residential Drug Abuse Program ("RDAP") and home confinement. (D.E. 53.)[1] The government responded that Alvey's motions were moot because he was scheduled to be released to home confinement on October 28, 2020, two days hence, and noted that Alvey's counsel concurred that the motions were moot. (D.E. 54.)

In November 2021, Alvey filed a request styled as a renewed motion for compassionate release. (D.E. 56.) In this latest motion, he has sought to begin his term of supervised release immediately so as to prevent the BOP from, at any point before the conclusion of his sentence, revoking his home confinement and returning him to a prison facility. He cited his caregiving responsibilities for his minor daughter, his rehabilitative efforts, and the risks of getting COVID-19 if he returns to a prison setting. The FPD filed a letter observing that Alvey's motion was based on a January 15, 2021 opinion of the BOP's general counsel that was later overruled and that it would not be entering an appearance because in light of the more recent ruling, Alvey's concerns

---

[1] In December 2020, Alvey also filed a § 2255 petition, which was construed as a § 2241 petition, on the same grounds. *Alvey v. United States*, Civ. Action No. 20-18147 (D.N.J.), Docket Entries 1, 5. That action was transferred to the Middle District of Pennsylvania and was dismissed in June 2021 on jurisdictional grounds. *See* Civ. Action No. 21-cv-639 (M.D. Pa.) (D.E. 12, 13).

appeared to be moot. (D.E. 57.)

**III.    Discussion**

A court may grant compassionate release to a sentenced offender under only limited circumstances. As set forth in 18 U.S.C. § 3582(c)(1)(A), the court may not modify a term of imprisonment once imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Thus, after the earlier of a defendant fully exhausting administrative remedies within the BOP or 30 days elapsing from the date the facility's warden receives the request, the defendant may file a motion with the sentencing court. *United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020). Substantively, the statute permits compassionate release if (1) extraordinary and compelling reasons permit the requested reduction in sentence; (2) the reduction is consistent with applicable policy statements by the U.S. Sentencing Commission; and (3) consideration of the applicable sentencing factors in 18 U.S.C. § 3553(a) supports the relief sought. 18 U.S.C. § 3582(c)(1)(A). If a motion is denied, reconsideration is warranted only "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Barksdale*, 2021 WL 5632076, at *3 (3d Cir. Dec. 1, 2021) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d

669, 677 (3d Cir. 1999)).  A reconsideration motion may also be based on an intervening change in controlling law or the availability of new evidence not available when the court issued its original decision.  *Quinteros*, 176 F.3d at 677.  It is an "'extraordinary'" remedy granted "'sparingly.'"  *United States v. Burney*, 2021 WL 4963253, at *3 (D.N.J. Oct. 25, 2021) (Rodriguez, J.) (citation omitted).

Alvey's motions for reconsideration seek his release from USP Lewisburg.  He has already been granted that relief, as it is undisputed that the BOP released him to home confinement on October 28, 2020.  Accordingly, those motions are moot.  *See United States v. Chestnut*, 989 F.3d 222 (2d Cir. 2021) (dismissing appeal from denial of compassionate release motion as moot where defendant was by then on supervised release).  But even if not moot,[2] the motions for reconsideration must still be denied.  As noted, to warrant relief under § 3582(c)(1)(A), extraordinary and compelling circumstances must exist and a reduction in sentence must be consistent with applicable Sentencing Commission policy statements (among other requirements). The Sentencing Commission's policy statement at U.S.S.G. § 1B1.13, though not binding, is an appropriate guide to circumstances that qualify as "extraordinary and compelling." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021); *United States v. Jefferson*, 2021 WL 4279626, at *2 (3d Cir. Sept. 21, 2021).  The application notes to the policy statement identify qualifying circumstances as those involving the defendant's medical condition, age, or family circumstances, along with a "catchall" provision.  USSG § 1B1.13, Application Note 1(A)-(D).[3]  In seeking

---

[2] Some courts have concluded that because a defendant on home confinement is still under supervision of the BOP, which could reincarcerate him, release to home confinement does not moot a compassionate release motion.  *See, e.g.*, *United States v. Hebel*, 2021 WL 6072303, at *1 n.2 (E.D. Mich. Dec. 23, 2021).

[3] The application notes set forth specific criteria for each of these circumstances.  For example, with respect to medical conditions, the defendant must be suffering from (A) a terminal illness, or (B) from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes his ability to provide self-care within the correctional facility environment and from

reconsideration, Alvey has pointed to his medical conditions in combination with the conditions at Lewisburg, including the number of COVID-19 cases at the time and the conditions at the facility generally and the inability of prisoners to take protective measures such as social distancing, universal masking, and effective hand hygiene. Given that in his present setting of home confinement he is not subject to the conditions that he identifies as putting him at medical risk, extraordinary and compelling reasons remain absent, and reconsideration is not warranted.

Alvey's second supplemental motion for reconsideration invokes "injustices" he purportedly experienced in his efforts within the BOP to seek home confinement (D.E. 53, at 1) as the basis for a finding that extraordinary and compelling reasons exist. That argument fares no better. Specifically, Alvey asserts that he was temporarily removed from RDAP (which, if completed successfully, could afford him time off his custodial sentence) due to his medical conditions and when he was placed back in the program, he was required to start over. He also asserts that BOP officials provided him with conflicting information about his home confinement eligibility. Whether and when an inmate is released to home confinement is a matter within the BOP's discretion and is not within the Court's authority to review. *Jefferson*, 2021 WL 4279626, at *3 (citing 18 U.S.C. § 3624(c)(2); CARES Act, Pub. L. 116-136, Mar. 27, 2020, 134 Stat. 281, Div. B, Title II, § 12003(b)(2)). *Accord United States v. Aguibi*, 858 F. App'x 485, 486 n.2 (3d Cir. 2021) (BOP has "sole authority" to place prisoner in home confinement (citing *Tapia v. United States*, 564 U.S. 319, 331 (2011)). Nor does the Court have the authority to supersede decisions the BOP makes about an inmate's participation in RDAP. *Tapia*, 564 U.S. at 331 (stating that "[w]hen a court sentences a federal offender, the BOP has plenary control, subject to statutory

---

which he is not expected to recover. USSG § 1B1.13 cmt. n.1(A)(i)-(ii). Qualifying "family circumstances" are limited to "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* § 1B1.13 cmt. n.1(C).

5

constraints, over the place of the prisoner's imprisonment, and the treatment programs (if any) in which he may participate" (internal citations and quotation marks omitted)).

For the same reasons, Alvey's renewed motion for compassionate release must be denied. In that motion, Alvey seeks to prevent the BOP from requiring him to return to a prison setting and thus to require the BOP to keep him on home confinement until his term of supervised release would otherwise commence. As noted, the Court has no authority to require or direct the BOP to allow an inmate to serve his or her sentence in a particular setting or, more to the point, to require it to continue home confinement. *Jefferson*, 2021 WL 4279626, at *3; *Aguibi*, 858 F. App'x at 486 n.2.

The FPD points out that the legal opinion underlying Alvey's motion has been superseded. In a January 15, 2021 memorandum opinion, the Department of Justice's Office of Legal Counsel concluded that when the pandemic emergency ends, the BOP's expanded authority under the CARES Act to order home confinement would also expire, and prisoners not otherwise eligible for home confinement under 18 U.S.C. § 3624(c) would have to be recalled to correctional facilities. *Home Confinement of Federal Prisoners After the COVID-19 Emergency*, 2021 WL 222748 (O.L.C. Jan. 15, 2021). But in a December 21, 2021 opinion, the OLC reconsidered and concluded that the BOP was *not* required to recall all prisoners; it instead would have discretion to allow prisoners placed in extended home confinement under the CARES Act who were not otherwise eligible under § 3624(c) to remain there. *See* Ex. A to D.E. 57, *Discretion to Continue the Home-Confinement Placements of Federal Prisoners After the COVID-19 Emergency*, 2021 WL 6145876, 45 Op. O.L.C. ___ (O.L.C. Dec. 21, 2021). The FPD suggests that because Alvey would reach his home confinement eligibility date under § 3624(c) in April 2022[4] and is no longer

---

[4] Under section 3624(c)(2), the BOP may place an inmate in home confinement for the shorter of 6 months or 10 percent of the term of imprisonment.

subject to automatic recall should the pandemic emergency end, the concerns expressed in his renewed motion appear to be moot. Although the Court disagrees that Alvey's concerns about ever being subject to a recall from home confinement are entirely moot based on the revised OLC position, these memoranda only reinforce that where Alvey is confined – at home or in a correctional facility – is a decision within the *BOP's* discretion, not the Court's. Alvey's renewed motion will be denied.

### IV. Conclusion

For the reasons set forth above, Alvey's motions will be denied. An appropriate order will issue.


Dated: March 18, 2022                              /s/ Katharine S. Hayden
                                                                Katharine S. Hayden, U.S.D.J.